Argued September 28, 1978, reversed
and remanded March 5, 1979

PETERSON, *Petitioner,*
*v.*
EMPLOYMENT DIVISION, et al, *Respondents.*
(No. 78-AB-511, CA 11251)

591 P2d 384

Edwin A. Johnson, Corvallis, argued the cause for petitioner. With him on the brief was Colley and Johnson, Corvallis.

[49]

Gregory A. Parker, Assistant Attorney General, Salem, argued the cause for respondents. With him on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Before Schwab, Chief Judge, and Thornton, Tanzer and Buttler, Judges.

TANZER, J.

**TANZER, J.**

Petitioner appeals an order of the Employment Appeals Board denying compensation on the ground that she left her employment without good cause. She assigns as error lack of substantial evidence and prejudicial exclusion of evidence.

Petitioner was employed as a research assistant in the Botany Department of Oregon State University from November 1, 1976 to November 1, 1977. Her work involved the use of low level radioactive isotopes. She gave as her reason for leaving employment that improper laboratory safety practices were followed and tolerated, that she complained unavailingly and that, particularly because the laboratory was soon to handle materials of greater radioactivity, she regarded the practices as intolerable. Whether petitioner is entitled to immediate unemployment compensation depends on whether (1) the facts she asserts as her reason to quit are true, (2) if so, whether they are actually the reason for her quitting, and (3) if so, whether those facts constitute good cause. ORS 657.176(2)(c).

Claimant testified to a number of incidents of what she considered to be unsafe practices by her supervisor, such as failure to promptly or completely clean a spill, improper handling of containers, and pipetting of radioactive materials. She spoke to her supervisor and complained to the Radiation Safety Office, but the practices continued. On September 27, 1977, petitioner's supervisor informed her that the laboratory would soon be using radioisotopes of higher toxicity. Fearing future contamination from careless handling of the more toxic radioisotopes, petitioner resigned her position.

The employer did not present contradictory evidence. Neither her supervisor nor any other witness to events in the laboratory was called. Instead the employer introduced expert testimony of two of the

[51]

employer's radiation safety officers. Both opined that the laboratory was safe because the radioactivity of the materials handled there was so low that exposure would not be injurious. Nevertheless, the principal employer's witness testified, good laboratory housekeeping procedures should always be scrupulously observed.

In sum, the witnesses on the two sides did not address the same issue. Petitioner testified that proper safety practices were not observed. The employer's witnesses testified that the danger was not great, regardless of whether proper procedures were followed, but that it was nevertheless important to follow them.

The referee found that petitioner left work for good cause. The Appeals Board reversed, finding in part as follows:

"4. The claimant felt that the radiation safety techniques were not proper and were unsafe.

"5. She quit her employment for those reasons.

"6. The employer practiced proper and safe radiation safety practices, and there was no risk of unhealthy exposure to the radiation property of the workers in the laboratory.

"Conclusions and Reasons:

"We do not agree with the decision of the referee. The claimant voluntarily left work without good cause.

"Good cause for leaving one's employment is found where the work is unsuitable or the employee is left without reasonable alternative to quitting. In the present case, the work was suitable. We are more convinced by the testimony of the two expert witnesses produced by the employer that the laboratory in which the claimant was working followed safe radiation practices and that there was no risk of exposure to radiation for workers in the laboratory. As the work was not unsuitable, a disqualification from benefits is appropriate."

[52]

■ Petitioner is correct that there is no substantial evidence to support the first part of finding No. 6 that "[t]he employer practiced proper and safe radiation safety practices." Moreover, there is no evidence to support this statement among the conclusions and reasons: "We are more convinced by the testimony of the two expert witnesses produced by the employer that the laboratory in which the claimant was working followed safe radiation practices." The employer's witnesses had no knowledge of the daily practices which petitioner described and they did not contradict her testimony in this regard. The only evidence on this factual issue is that of petitioner and it is to the contrary. Regardless of whether the Board finds petitioner's evidence credible (although the referee who observed the witnesses believed it), the finding and conclusion to the contrary regarding laboratory practices are unsupported. Therefore, the case is remanded for a determination of whether the facts asserted by petitioner are true and, if so, whether they constitute good cause for voluntarily leaving work.

■ Petitioner also challenges an evidentiary ruling which may become significant on remand. Petitioner offered excerpts from numerous apparently authoritative publications regarding proper laboratory safety procedures for radioactive materials. They all indicate that the incidents and methods of handling of radioactive material which she testified occurred and existed in her employer's laboratory were contrary to accepted standards of laboratory practice. The referee admitted several excerpts over a hearsay objection and rejected the others. The evidence is relevant at least as to the reasonableness of petitioner's concern regarding the events and practices she found intolerable. We assume that some of the exhibits were rejected because they were cumulative, inasmuch as the referee came to a conclusion consistent with the thrust of the exhibits already admitted. The exhibits are all in the record available for consideration by the Board on remand. If the Board determines that the evidence is competent

[53]

under ORS 183.450(1),[1] then it should be received unless the Board determines it to be cumulative in that the Board is already persuaded by the preceding evidence. *Cf.* ORS 45.530;[2] *Northwestern Mutual Ins. Co. v. Peterson,* 280 Or 773, 779, 572 P2d 1023 (1977).

Reversed and remanded.

---

[1] ORS 183.450(1) provides in pertinent part:

"In contested cases:

"(1) Irrelevant, immaterial or unduly repetitious evidence shall be excluded but erroneous rulings on evidence shall not preclude agency action on the record unless shown to have substantially prejudiced the rights of a party. All other evidence of a type commonly relied upon by reasonably prudent persons in conduct of their serious affairs shall be admissable. * * *"

[2] ORS 45.530 provides in pertinent part:

"* * * The court, however, may stop the production of further evidence, upon any particular point, when the evidence upon it is already so full as to preclude reasonable doubt."